# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50166 | **DATE** | 12/14/2000 |
| **CASE TITLE** | Stewart vs. Office of Rehabilitation Services | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, defendants' motion to dismiss is granted in part and denied in part. The IDHS is dismissed, and the § 1983 claims for damages against Condry and Doe in their official capacities are also dismissed. The ADA claim is dismissed. The remainder of plaintiffs' claims are stayed pursuant to Colorado River, pending resolution of the state court action. Defendants' Rule 17(c) motion to appoint a guardian ad litem is denied without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | DEC 14 2000 | 30 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | 12-14-00 date mailed notice | |
| /SEC | courtroom deputy's initials | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK

2000 DEC 14 PM 2: 23

Date/time received in
central Clerk's Office

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

LaShalia Stewart, by her mother,   )
next friend and guardian,           )
Patricia Stewart and Patricia       )
Stewart, individually,              )      No. 00 C 50166
                                    )
     Plaintiffs,        )
                                    )
     v.                 )
                                    )
Office of Rehabilitation Services,  )
Illinois Department of Human        )
Services, and Ronald Condry,        )
individually and as Bureau          )
Chief Home Services, and unknown    )
person, individually and as         )
Bureau Chief food stamps            )
program,                            )
                                    )
     Defendants.        )

DOCKETED

DEC 14 2000

## MEMORANDUM OPINION AND ORDER

### Introduction

LaShalia Stewart, by her mother, next best friend and

"guardian-in-fact," Patricia Stewart, and Patricia Stewart,

individually ("plaintiffs"), have filed a two-count, first

amended complaint against the Office of Rehabilitation Services,

Illinois Department of Human Services ("IDHS"), Ronald Condry,

individually and as Bureau Chief of Home Services, and against an

unknown person, individually and as Bureau Chief of the Food

Stamps program (hereinafter referred to as "Doe"). Plaintiffs

have filed suit under 42 U.S.C. § 1983 ("section 1983"), claiming

defendants violated their Fourteenth Amendment due process rights

1

when they terminated home health care and food stamp benefits without prior notice or a hearing.  Plaintiffs also allege these deprivations violate Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.[1]

Currently pending before the court is defendants' motion to dismiss plaintiffs' first amended complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), and their Rule 17(c) motion to appoint a guardian ad litem for LaShalia Stewart.  This court has jurisdiction over plaintiffs' complaint pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and venue is proper as the complained of events occurred in this district and division, see 28 U.S.C. § 1391(b).

## Analysis[2]

### A.   Defendants' Motion to Dismiss

Defendants argue the Eleventh Amendment bars plaintiffs' section 1983 and ADA claims.  The court will address plaintiffs' section 1983 claim first.  Section 1983 does not authorize suits against states because states are not "persons" within the statute's meaning.  Arizonans for Official Eng. v. Arizona, 520

---

[1]    Defendants raise the issue of whether plaintiffs are also asserting a claim under the Rehabilitation Act, 29 U.S.C. § 701 et seq.  See Def. Reply, p. 3.  The court does not understand plaintiffs' complaint to be asserting such a cause of action.

[2]    In reviewing a motion to dismiss, the court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in plaintiffs' favor.  Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000).

U.S. 43, 69 n.24 (1997); Power v. Summers, 226 F.3d 815, 818 (7th Cir. 2000). Thus, IDHS, which is a state agency, see 20 ILCS 1205/1-1 et seq. (2000), is dismissed. Plaintiffs' section 1983 claim against Condry and Doe in their official capacities is a suit against the state and any claim for damages is likewise barred. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Power, 226 F.3d at 818. However, official capacity actions for prospective relief are not treated as actions against the state. Will, 491 U.S. at 71 n.10. Thus, plaintiffs' claims for prospective injunctive relief against Condry and Doe in their official capacities are not dismissed. See Haskins v. Stanton, 794 F.2d 1273, 1275-76 (7th Cir. 1986) (Eleventh Amendment did not preclude class action seeking injunctive relief against state officials regarding alleged food stamp violations).

State officers are also subject to section 1983 liability for damages in their personal capacities. Arizona, 520 U.S. at 69 n.24. Personal involvement is a prerequisite for individual liability in a section 1983 action. McPhaul v. Board of Comm'rs of Madison County, 226 F.3d 558, 566 (7th Cir. 2000); Gossmeyer v. McDonald, 128 F.3d 481, 495 (7th Cir. 1997). Defendants argue the claims against Condry in his personal capacity should be dismissed because plaintiffs' complaint does not contain any allegations that he was personally involved in the alleged unconstitutional conduct. (Defs. Memo., p. 2) Defendants'

3

argument is premature. Plaintiffs' complaint generically refers to "defendants" throughout and contains allegations giving rise to an inference that Condry was personally involved in the alleged deprivations at issue. See Compl. ¶¶ 17, 21, 22. Thus, plaintiffs' section 1983 claim against Condry and Doe in their individual capacities is not dismissed.

Defendants argue the section 1983 claim should be dismissed in its entirety because any deprivation of due process was the result of random and unauthorized conduct for which an adequate post-deprivation remedy exists. See Parratt v. Taylor, 451 U.S. 527 (1981); Easter House v. Felder, 910 F.2d 1387 (7th Cir. 1990), cert. denied, 498 U.S. 1067 (1991). The court is unable to determine, at this stage, that the discontinuance of LaShalia's home health services and plaintiffs' food stamp assistance was the result of random and unauthorized conduct. State regulations provide that IDHS can discontinue disputed services without a pre-deprivation hearing when misrepresentation, fraud, collusion, or criminal conduct on the part of the customer is involved. See ILL. ADMIN. CODE tit. 89, § 510.60 (2000). It is unclear whether IDHS relied on this provision and discontinued the disputed services before a final agency determination was made. If this occurred, state officials were acting pursuant to an established policy in so doing. This is contrary to, for example, Clifton v. Schafer, 969 F.2d 278,

4

281-82 (7th Cir. 1992), where the discontinuance of a welfare recipient's benefits, without a hearing, violated applicable state laws and was, therefore, random and unauthorized. Without a violation of a state policy, there is no random and unauthorized conduct, even from the state's perspective. Clifton, 969 F.2d at 282. The court is unable to conclude at this stage that defendants' actions were random and unauthorized.

As for plaintiffs' ADA claim, the Eleventh Amendment bars their claims against the IDHS and the official capacity claims against Condry and Doe. See Erickson v. Board of Governors for Northeastern Ill. Univ., 207 F.3d 945 (7th Cir.), *petition for cert. filed*, 69 U.S.L.W. 3003 (U.S. June 26, 2000) (No. 99-2077); Stevens v. Illinois Dep't of Transp., 210 F.3d 732 (7th Cir.), *petition for cert. filed*, 69 U.S.L.W. 3022 (U.S. June 30, 2000) (No. 00-7); Walker v. Snyder, 213 F.3d 344, 346 (7th Cir.), *petition for cert. filed*, -- U.S.L.W. - (U.S. Oct. 10, 2000) (No. 00-554). Moreover, because Title II of the ADA does not allow suits against individuals, plaintiffs cannot maintain an ADA claim for injunctive relief against Condry and Doe, nor can she maintain claims against them in their individual capacities. See Walker, 213 F.3d at 347. Thus, the ADA claim is dismissed.

Defendants argue this proceeding should be stayed under the Colorado River abstention doctrine. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976); Finova

5

Capital Corp. v. Ryan Helicopters U.S.A., Inc., 180 F.3d 896, 898
(7th Cir. 1999). In determining whether to abstain, the court's
first task is to determine whether the federal and state
proceedings are in fact parallel. Finova, 180 F.3d at 898.
"'Suits are parallel if substantially the same parties are
litigating substantially the same issues simultaneously in two
fora.'" Id. (quoting Schneider Nat'l Carriers, Inc. v. Carr, 903
F.2d 1154, 1156 (7th Cir. 1990)). This condition has been met
here. The plaintiffs in this proceeding are also the plaintiffs
in the state court action, and the IDHS is the defendant in both
proceedings. At the heart of both proceedings is the provision
of home medical services for LaShalia Stewart and food stamp
assistance. Thus, the court finds the two proceedings are
parallel.

The next task is to balance the considerations that weigh
for and against abstention, keeping in mind the exceptional
nature of abstention in light of this court's jurisdictional
obligations. See id. In so doing, the court considers the
following factors: (1) the difficulties posed when a state and
federal court assume jurisdiction over the same res; (2) the
relative inconvenience of the federal forum; (3) the need to
avoid piecemeal litigation; (4) the order in which the respective
proceedings were filed; (5) whether federal or state law provides
the rule of decision; (6) whether the state action protects the

6

federal plaintiffs' rights; (7) the relative progress of the federal and state proceedings; and (8) the vexatious or contrived nature of the federal claim. <u>Sverdrup Corp. v. Edwardsville Community Unit Sch. Dist. No. 7</u>, 125 F.3d 546, 549-50 (7th Cir. 1997). These factors are not a mere checklist; rather, the court should consider the circumstances as a whole in determining the appropriateness of abstention. <u>Id</u>. at 549.

A careful review of the above factors leads the court to the conclusion that it should stay this proceeding pending resolution of the state court proceeding. As stated above, at the heart of plaintiffs' dispute is the provision of home health care for LaShalia Stewart and food stamp assistance. Such issues have traditionally implicated the state's interests in protecting its disabled citizens and have led to extensive agency regulations. The state's legislation in this area heightens the court's desire to avoid piecemeal litigation. Although the state court action was filed shortly after this lawsuit, the administrative hearing was held on August 11, 2000, and is currently on appeal, <u>see</u> Def. Reply, p. 1, putting the state court action in a more advanced posture. And, while plaintiffs' section 1983 due process claim involves federal law, state courts have concurrent jurisdiction over such a claim. More importantly, the outcome of the state proceedings may resolve their federal claim as well. For these

7

reasons, the court will issue a stay of these proceedings pending disposition of the state court proceedings.[3]

**B.**   **Defendants' Motion to Appoint a Guardian Ad Litem**

Defendants have filed a motion to appoint a guardian ad litem for LaShalia Stewart pursuant to Rule 17(c). In light of the court's decision to stay this matter pending resolution of the state court proceedings, the proper avenue of redress is for defendants to bring the issue of representation to the attention of the state court. See Enk v. Brophy, 124 F.3d 893, 897-98 (7th Cir. 1997). Defendants' motion is denied without prejudice.

### Conclusion

For the reasons set forth above, defendants' motion to dismiss is granted in part and denied in part. This matter is stayed pending resolution of the state court proceedings.

---

[3]   Given the court's decision regarding Colorado River abstention, it will not address defendants' argument about the *Rooker-Feldman* doctrine at this time. The court notes that at this stage, there has been no final state court decision, only an administrative decision, and the Seventh Circuit has held the *Rooker-Feldman* doctrine does not apply to administrative decisions. Centres, Inc. v. Town of Brookfield, 148 F.3d 699, 702 n.5 (7th Cir. 1998); Van Harken v. City of Chicago, 103 F.3d 1346, 1348-49 (7th Cir.), cert. denied, 520 U.S. 1241 (1997); but see Buckley v. Illinois Judicial Inquiry Bd., 997 F.2d 224, 227 (7th Cir. 1993). Even if the court were faced with a final decision, to the extent plaintiffs are seeking a declaration that the state's procedures are constitutionally inadequate, see ILL. ADMIN. CODE tit. 89, § 510.60 (2000), it appears they are not barred by the *Rooker-Feldman* doctrine. See Van Harken, 103 F.3d at 1349; but see Long v. Shorebank Dev. Corp., 182 F.3d 548, 556 (7th Cir. 1999).

Defendants' motion to appoint a guardian ad litem is denied

without prejudice.


                                        E N T E R :


                                        _____
                                        PHILIP G. REINHARD, JUDGE
                                        UNITED STATES DISTRICT COURT


DATED:    _December 19, 2000_____