# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 50166 | DATE | 1/22/2003 |
| CASE TITLE | Stewart vs. Office of Rehab | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | JAN 2 2 2002 | 61 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 1-22-03 | |
| /SEC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | aw mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, LeShaila Stewart, by her guardian ad litem, Stephen Balogh, filed an amended complaint pursuant to 42 U.S.C. § 1983 against defendants, the Illinois Department of Human Services ("IDHS"), Linda Renee Baker, in her official capacity as Secretary of the Illinois Department of Human Services, and Charles W. Martin, in his official capacity as Associate Director, Department of Human Services, Office of Rehabilitative Services, seeking prospective injunctive relief. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12 (b) (1) and (6).

Since defendants argue plaintiff lacks standing under Article III of the U.S. Constitution, the court must address this issue as a threshold matter. To have Article III standing a plaintiff must show (1) an injury in fact; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely the injury will be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc., 528 U.S. 167, 180-81 (2000). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice", Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992), because it is assumed the general allegations "embrace those specific facts that are necessary to support the claim." Id. (quoting Lujan v. National Wildlife Federation, 497 U.S. 871, 889 (1990)). Plaintiff's complaint alleges IDHS has made a determination she is entitled to benefits from IDHS under the Home Services Program (HSP) (Compl. ¶ 11, 15, 17), defendants have failed and refused to provide her with these benefits (id. ¶ 18) resulting in a deprivation of her federally protected property right in the benefits without due process of law (id. 25), and she asks the court to order that defendants be enjoined from withholding the benefits. (Id. p. 7) These allegations are sufficient to confer Article III standing at the pleading stage because they allege an injury in fact (denial of benefits), traceable to defendants (IDHS is failing to provide the benefits), likely to be redressed by a favorable decision (ordering the benefits to be provided.) See Friends of the Earth, Inc., 528 U.S. at 180-81. Defendants' argument that it is plaintiff's mother rather than defendants that is the cause of the deprivation and that the court's order cannot redress that problem does not defeat standing at this point, though it is possible facts will bear them out at a later stage of the proceedings. See Lujan v. Defenders of Wildlife, 504 U.S. at 561 (plaintiff must set forth specific facts supporting standing at summary judgment stage.)

Defendants also argue the court should abstain from hearing this matter because it is actually a family law matter concerning removing plaintiff from her mother. Plaintiff's complaint asks the court to order defendants to take action to provide plaintiff HSP benefits to which she is entitled. Plaintiff's complaint specifically alleges plaintiff's mother refused to cooperate with IDHS in IDHS's attempt to provide these services through an unrelated third party. (Compl. ¶ 21) However, it does not conclusively follow from the allegation of plaintiff's mother's lack of cooperation that plaintiff is seeking to have a plenary guardian appointed. Plaintiff's complaint asks defendants be enjoined from withholding benefits to plaintiff and be ordered to institute "guardianship proceedings or such other measures as will allow [plaintiff's] primary care physician to be contacted for purposes of consulting on and approving the HSP" (id. p. 7), which is alleged to be necessary before services can be provided. (Id. ¶ 20) It cannot be said at this stage that the court cannot grant plaintiff relief without ordering state guardianship proceedings to be commenced or that no other avenue exists to provide plaintiff with HSP benefits. The court is not being asked to decide plaintiff's need for a plenary guardian. It does not appear from the complaint that any important state domestic relations policy will be disrupted by the court's consideration of the claim raised, so abstention is not required at this point. See United States v. Black, 125 U.S. 454, 462-63 (7th Cir. 1997) ( enforcement of state court imposed child support obligations does not intrude in family law matters so as to require abstention.)

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) arguing plaintiff has not stated a claim on which relief can be granted. They assert plaintiff has not alleged defendants are denying her a benefit to which she is entitled without due process of law. They maintain they are ready to provide the benefit but are being thwarted by a non-government actor, plaintiff's mother, and that it is her action not defendants' that results in the deprivation. This may prove to be true but it is not a basis for granting a 12(b)(6) motion which can only be granted when plaintiff can prove no set of facts upon which she could prevail. See Strasburger v. Bd. of Educ., 143 F.3d 351, 359 (7th Cir. 1998), cert. denied, 525 U.S. 1069 (1999). Plaintiff has alleged the elements of a section 1983 denial of due process claim. Whether she can prove it is for another day.

Defendants argue plaintiff has an adequate state remedy because she was represented by an attorney in the state hearing process which concluded with a final administrative decision upholding IDHS's decision that plaintiff receive HSP services through an agency. Defendants contend plaintiff's lawyer could have obtained the relief sought here in those proceedings but failed to and therefore plaintiff is precluded from seeking them now. However, it is undisputed that the issue in the state hearing was not whether plaintiff was entitled to benefits but through whom those benefits should be provided. The hearing determined the services must be provided through an agency rather than a personal assistant hired by plaintiff's mother. (Compl. Ex. C, p.17) Plaintiff's claim is that defendants are not providing the services IDHS decided must be provided through an agency and that there is no state remedy (Compl. ¶¶ 23-24, 29). This is sufficient to withstand a 12(b)(6) motion. See Strasburger, 143 F.3d at 359. The other state remedies proposed by defendants as adequate (a state injunction action against plaintiff's mother, a guardianship proceeding, and a malpractice action against the attorney representing plaintiff in the IDHS hearing process) do not require dismissal of this action. The adequacy of these remedies depends on factual determinations that cannot be made at this stage.

For the foregoing reasons, defendants' motion to dismiss is denied.