

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50166 | **DATE** | 3/19/2004 |
| **CASE TITLE** | STEWART vs. OFFICE OF REHABILITATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted and plaintiff's motion for summary judgment is denied. This case is dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 22 2004 | 79 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 3-22-04 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, LeShaila Stewart, by her guardian ad litem, Stephen Balogh, filed an amended complaint pursuant to 42 U.S.C. § 1983 against defendants, the Illinois Department of Human Services ("IDHS"), Linda Renee Baker, in her official capacity as Secretary of the Illinois Department of Human Services, and Charles W. Martin, in his official capacity as Associate Director, Department of Human Services, Office of Rehabilitative Services[1], seeking prospective injunctive relief. Plaintiff alleges she was unconstitutionally deprived of her property interest in state benefits without due process of law in violation of the Fourteenth Amendment to the United States Constitution. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The parties have filed cross motions for summary judgment. There are no disputed issues of material fact.

Plaintiff, the parties agree, is a disabled adult whom IDHS determined was eligible for benefits, and actually did receive benefits, under IDHS's Home Services Program ("HSP") to meet her "unmet needs." IDHS paid for a "personal assistant" to cover the times when plaintiff's mother, Patricia, was at work. The personal assistant being paid to care for plaintiff was Olen Bell. IDHS ceased payment to Bell on December 31, 1999, claiming Patricia was not working the hours outside the home that she had represented to IDHS and that Bell's time sheets submitted for reimbursement were not accurate. After an administrative hearing requested by Patricia, IDHS concluded, among other things, that plaintiff was to receive her benefits through a private home care provider and that plaintiff was eligible for HSP benefits. Plaintiff has not been adjudicated a disabled adult and does not have a plenary guardian appointed for her. Patricia handles plaintiff's affairs. In order to determine the level of benefits payable on plaintiff's behalf, IDHS must develop a home services plan which requires it to obtain information concerning whether Patricia has a job, how many hours she works, the hours during which an adult person living in plaintiff's house would not be available to care for her, a consent to allow it to contact plaintiff's physician to make sure the proposed plan is safe and adequate and a consent to allow the private care giver agency to contact the physician in case an emergency arises while it is caring for plaintiff. Patricia has refused to provide IDHS with these items and has stated she will not provide medical releases, her current work schedule, and will not cooperate with a private home care agency unless she is assured it will provide the level of care she believes is necessary. Plaintiff, through her guardian ad litem, says IDHS and this court can compel Patricia's cooperation and obtain a determination of benefits for plaintiff. Defendants say this cannot be done.

Defendants initially argue plaintiff lacks standing to bring this action. Standing requires a showing of an injury in fact, traceable to the conduct of defendants, that is likely to be redressed by a favorable decision. See Reid v. Illinois State Bd. of Educ., 358 F.3d 511 (7th Cir. 2004). Plaintiff's injury in fact is not denied. Defendants argue that any injury was caused by Patricia and is, therefore, not traceable to defendants and not likely to be redressed by a favorable court ruling because Patricia will still block IDHS from obtaining what it needs to determine benefits. If there is an obligation to provide current benefits to plaintiff, it is the action of IDHS that is denying the benefits. IDHS has decided not to provide benefits based on its understanding of the conditions on which benefits are payable. If the court determines IDHS is incorrect in its understanding of its obligation and that it's failure to pay them was the result of an unconstitutional denial of due process, the court could redress the injury by ordering benefits to be paid. Plaintiff, therefore, has standing to bring this action.

Plaintiff claims IDHS's refusal to provide benefits deprives her of a property interest without due process of law. She relies on the finding at the administrative hearing that she must receive benefits through an agency. Illinois provides benefits under its HSP "to prevent the unnecessary institutionalization of individuals who may instead be satisfactorily maintained at home a lesser cost to the State." 89 Ill. Admin. Cd. § 676.10 (a). If the person to receive HSP benefits ("customer") is unable to satisfy any obligations under the HSP, "the customer's parent . . . may act on behalf of the customer and is included within the definition of 'customer'" under the HSP regulations. Id., § 676.30 (b). The customer is obligated to assist IDHS in "gathering the information necessary to determine eligibility," id., § 677.200 (e), and cooperate "in complying with HSP service plans [and] reassessments of eligibility." Id., § 677.200 (k). "A customer has the right to choose his/her living arrangement, including physical dwelling and persons residing in the dwelling. However, such choices may impact the amount or scope of the services received by the customer. HSP will not impose a living arrangement on any customer." Id., § 677.40 (c). "All services to be provided to a customer through HSP must be necessary to meet an unmet care need of the individual or to provide relief to the caregiver for customers eligible for respite care services . . . ." Id., § 684.10 (a).

A property interest is not created by federal law but arises from an independent source, in this case, state regulations. See Galdikas v. Fagan, 342 F.3d 684, 692 (7th Cir. 2003). These regulations make a parent of a person seeking benefits a customer, as well as making the person herself a customer subject to the regulation, where the individual is unable on her own to satisfy the requirements of the program. Plaintiff's entitlement under the regulations is bound to Patricia's actions as the customer since plaintiff cannot act on her own. The parties agree Patricia has not fulfilled her obligation as a customer. She has not cooperated in providing information about her own work schedule, the hours no other adult would be available to care for plaintiff, or in providing consents for IDHS to consult with plaintiff's physician. It is undisputed Patricia has had the opportunity to provide this information but has refused to do so. IDHS extended Patricia, acting for plaintiff, due process in terminating the benefits that had been provided and in declining to provide benefits thereafter based on the failure to provide information. Because the regulations creating the right to benefits allow Patricia to act for plaintiff, plaintiff has received due process. Patricia is free to act in any manner she believes best serves plaintiff's interests concerning the process of seeking HSP benefits. It is not IDHS's place, and is beyond it's authority, to attempt to compel Patricia to act in a certain manner. Plaintiff argues that IDHS can compel Patricia's cooperation because the regulations give IDHS the right to "cooperation by the grievant," 89 Ill. Admin. Cd. § 510.50 (c), and that Patricia is a grievant by virtue of her appeal of the determination to terminate payments to Bell. However, plaintiff has not shown how a right to cooperation in the hearing process, which was concluded by a final decision and is no longer subject to appeal, translates into a right to compel Patricia to act in a prescribed manner thereafter.

For the foregoing reasons, defendants' motion for summary judgment is granted and plaintiff's motion for summary judgment is denied. This case is dismissed in its entirety with prejudice.[2]

---

[1] Carol L. Adams is the current Secretary of IDHS and Robert Kilbury is the current Associate Director of IDHS, Office of Rehabilitative Services. They are substituted as the appropriate official capacity defendants.

[2] The court wishes to express its thanks to Mr. Balogh for accepting appointment as guardian ad litem in this case and for his excellent work on behalf of plaintiff.